**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

JAY KESSLER,

                            Petitioner,    :       Case Nos. 2:25-cv-01403 & 2:25-cv-01404

    - vs -                            District Judge Algenon L. Marbley
                                            Magistrate Judge Michael R. Merz

WARDEN,
 Noble Correctional Institution,

                                       :
               Respondent.

## REPORT AND RECOMMENDATIONS

This consolidated habeas corpus case under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Jay Kessler to obtain relief from his conviction in the Morrow County Court of Common Pleas on charges of gross sexual imposition and sexual battery (Petition, ECF No. 1).  On Order of Judges Marbley and Sargus, the two cases were consolidated (Order, ECF No. 5).  On the Court's Order (ECF No. 6), Respondent has filed the State Court Record (ECF No. 12) and a Return of Writ (ECF No. 13).  Upon the filing of Petitioner's Reply (ECF No. 17), the case is ripe for decision.

**Litigation History**

On October 14, 2022, the Morrow County Grand Jury handed down a superseding indictment charging Kessler with two counts of rape in violation of Ohio Revised Code §

1

2907.02(A)(1)(b); two counts of gross sexual imposition in violation of Ohio Revised Code §

2907.05(A)(4); one count of sexual battery in violation of Ohio Revised Code §  2907.03(A)(5);

and one count of attempted gross sexual imposition in violation of Ohio Revised Code § 2923.02

& 2907.05(A)(1)(State Court Record, ECF No. 12, Ex. 1).  The trial jury convicted Kessler on one

count each of gross sexual imposition and sexual battery and the court sentenced him to forty-eight

months in prison on each of Counts 3 and 4, "should be served consecutively on the basis that

there are separate victims in each Count and that harm caused is so great or unusual that a single

prison term would not adequately reflect the seriousness of the conduct."  (Judgment, State Court

Record, ECF No. 12, Ex. 6, PageID 115).

Kessler appealed to the Ohio Fifth District Court of Appeals which affirmed the conviction.

*State v. Kessler,* 2025-Ohio-1041 (Ohio App. 5th Dist. Mar. 15, 2025).  The Ohio Supreme Court

declined to exercise jurisdiction over a further appeal.  *State v. Kessler*,  178 Ohio St.3d 1517 (July

8, 2025).  Kessler filed his Petitions in this Court November 12, 2025, pleading the following

grounds for relief:

> **Ground One:** Trial court erred in failing to record entire day of Jay
> Kessler's trial.
>
> **Supporting Facts**: Day three of trial was not recorded which
> included testimony, closing arguements [sic], jury instructions, and
> the jury verdict. There can be no meaningful appellate review.
>
> **Ground Two:** Trial court erred in it [sic] questioning of witnesses.
>
> **Supporting Facts**: The judge questioned witness which caused a
> bias in favor of the state by asking if Jay Kessler ever abused her
> mentally, physically or sexually.
>
> **Ground Three:** Trial Court admitted hearsay evidence as well as
> other inadmissable [sic] evidence.

**Supporting Facts:** State asked witness if she had texted or posted on any social media disclosing the allegations against Jay Kessler. The witness added in her response that she went to dinner with her cousin Gavin who told her and I quote "Jay said he had to lay low because were happening and that I was a psychopath." Double hearsay. Also CM's testimony of physical abuse against the kids and dogs.

**Ground Four:** Ineffective assistance of counsel

**Supporting Facts:** Jay Kessler's attorney failed to object to the hearsay evidence, as well as the allegations of physical and mental abuse as mentioned in Ground 3, as well as the Judge establishing venue and identification through its own questioning as mentioned in Ground 2.

**Ground Five:** Evidence was insufficient to support conviction for sexual battery against 2907.03 (A1) or (A5).

**Supporting Facts:** There was no evidence of coercion, nor any evidence of penetration to establish sexual conduct.

**Ground Six:** A conviction of sexual battery and gross sexual imposition is against the manifest weight of evidence.

**Supporting Facts:** Evidence was all based on testimony, and no physical evidence was ever provided. Testimony of H.K. and H.D. was contradictory when the girls claimed sexual abuse but still voluntarily spent time with Jay Kessler which indicated they were untruthful about the sexual abuse.

**Ground Seven:** Verdict form was sufficient only to convict of gross sexual imposition as a fourth-degree felony.

**Supporting Facts:** Verdict form did not include additional element required to elevate the offense to a third-degree felony or the degree of the offense.

**Ground Eight:** Jay Kessler was denied right to a fair trial.

**Supporting Facts:** Due to all the errors such as, the Judge asking questions on its own accord and the hearsay evidence, as mentioned in "Ground Three" as well as the ineffective counsel mentioned in "Ground Four" Jay Kessler was denied a fair trial.

(Petition, ECF No. 1, PageID 6-14).

# Analysis

**Procedural Default**

Respondent asserts Kessler's Grounds Two through Eight are procedurally defaulted because he did not present them on direct appeal to the Ohio Supreme Court (Return, ECF No. 13, PageID 987).

Petitioner responds:

> Respondent claims that I the petitioner failed to present all claims to the highest state court, however, I find this argument irrelevant considering that the Supreme Court of Ohio denied jurisdiction over the entire case preventing opportunity to raise additional claims and to be heard, this can also be considered as the external source that impeded counsels ability to raise all the claims since the jurisdiction had been denied entirely.

(Reply, ECF No. 17, PageID 1018).  This response misses a critical distinction in Ohio law between having jurisdiction and declining to exercise it.

The Ohio Supreme Court has jurisdiction over direct appeals in all felony cases, granted by the Ohio Constitution.  Article IV, § 2(B0(2)(a)(ii).  An appeal under this authority is called a "jurisdictional appeal."  Sup. Ct. Practice Rule 5.02(A)(2).  However, the Ohio Supreme Court is not mandated to exercise that jurisdiction.  To persuade the Supreme Court to exercise that jurisdiction, a person appealing from a court of appeals decision is required to file a notice of appeal within forty-five days of the appellate judgment and a memorandum in support of jurisdiction.  Sup. Ct. Practice Rule 7.02.

4

However, the Ohio Supreme Court very frequently declines to exercise its jurisdiction. When it does so, the Chief Justice files an entry such as was filed in this case. (See State Court Record, ECF No. 12, Ex. 34). That Entry reads "Upon consideration of the jurisdictional memoranda filed in this case, the court declines to accept jurisdiction of the appeal pursuant to Rule 7.08(B)( 4)." An entry with exactly the same wording is filed by the Ohio Supreme Court in a large majority of habeas corpus cases that reach this Court[1].

In this case Kessler's procedural default consisted in not **asking** the Ohio Supreme Court to exercise jurisdiction over the claims raised in Grounds Two through Eight, but only asking for review of two Propositions of Law:

> **Proposition of Law 1**: It is presumptively prejudicial to a criminal defendant when a trial court fails to record the last day of trial in violation of Crim.R. 22; a failure that cannot be cured by an App.R. 9(C) statement.

> **Proposition of Law 2:** There can be no meaningful appellate review and reversal is required when the trial court fails to record an entire day of a felony criminal trial, in which the defendant's testimony is given, jury instructions are provided, and closing arguments made.

(Memorandum in Support of Jurisdiction, State Court Record, ECF No. 12, Ex. 32, PageID 365).

Respondent quotes the Sixth Circuit on this point: "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." (Return of Writ, ECF No. 13, PageID 983-84, quoting *Mammone v. Jenkins*, 49 F.4th 1026, 1046 (6th Cir. 2022) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). That is the controlling law on this issue. Because Kessler did not give

---

[1] This is very similar to the process in the United States Supreme Court which has appellate jurisdiction over virtually all cases in the United States Courts of Appeals under 28 U.S.C. § 1257 which is invoked after judgment by filing a petition for writ of certiorari. That Court denies certiorari in thousands of cases per year and the parties rarely get an explanation, but only an entry that reads "cert. denied."

the Ohio Supreme Court an opportunity to rule on the issues raised in Grounds Two through Eight, he has procedurally defaulted those claims.

Kessler relies on *Hicker v. Superior Court of California,* 2014 U.S. Dist. LEXIS 119109 (S.D. Cal. 2014), in which United States Magistrate Judge Jan Adler recommended denial of a motion to dismiss a habeas petition where respondent asserted the petitioner had failed to exhaust available state court remedies. Judge Adler noted the distinction between failure to exhaust, which applies to state court remedies still available when a federal habeas petition is filed, and procedural default, which applies to state court remedies which were available during the state court process, but which are no longer available because they have been procedurally defaulted. Judge Adler recommended denying the State's motion to dismiss for lack of exhaustion precisely because the suggested remedies had been procedurally defaulted and were no longer available. In this case the State does not argue lack of exhaustion, but procedural default. Judge Adler's decision, which was adopted by the District Court, supports the State's argument in this case.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

6

> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

The Ohio Supreme Court has a rule that it will not consider claims not raised. By declining to exercise jurisdiction over the one claim Kessler did raise, it by implication denied consideration of any other possible claims. That rule is certainly independent of federal law. It is adequate because it is of the very essence of our adversary system of justice that courts do not and will not consider issues not presented to them.

Kessler suggests that the issues raised in Grounds Two through Eight could have been added to the Ohio Supreme Court appeal if they had accepted jurisdiction. Perhaps the Supreme Court could have done that, but the undersigned is not aware of any case in which the Ohio Supreme Court has allowed amendment of a memorandum in support of jurisdiction to add new claims after accepting jurisdiction.

Kessler notes that procedural default may be excused if conviction resulted in a manifest injustice and asserts that failure to record the last day of trial in this case creates a manifest injustice. However, the manifest injustice exception requires proof of actual innocence which Kessler has not offered. See *Schlup v. Delo*, 513 U.S. 298 (1995). He also argues his procedural default should be excused because of Respondent's tardiness in filing. Respondent was one day late in seeking an extension of time to file the Return, but the Court has authority to excuse such a

short delay under Fed.R.Civ.P. 6(b)(1) and did so by extending the time; Respondent filed well within the extended time.

Kessler notes that ineffective assistance of trial counsel can excuse a procedural default, but that claim must first be submitted to the state court and decided favorably to the petitioner before it can excuse a default. *Edwards v. Carpenter*, 529 U.S. 446 (2000); *Chase v. McCauley,* 971 F.3d 582, 592 (6th Cir. 2020); *Scuba v. Brigano,* 527 F.3d 479, 488 (6th Cir. 2007). That also has not happened here. Also ineffective assistance of appellate counsel will only act to excuse procedural default in a proceeding in which a person is constitutionally entitled to counsel under the Sixth Amendment. The right to appointed counsel extends to the first appeal of right and no further. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt,* 417 U.S. 600 (1974). Ineffective assistance of counsel can excuse procedural default only when it occurs in a proceeding where a defendant is constitutionally entitled to counsel under the Sixth Amendment. *Wainwright v. Torna,* 455 U.S. 586 (1982)(where there is no constitutional right to counsel there can be no deprivation of effective counsel); *Riggins v. Turner,* 1997 U.S. App. LEXIS 6115, *5 (6th Cir. 1997); *Barkley v. Konteh*, 240 F. Supp. 2d 708, 714 (N.D. Ohio 2002).

Because the procedural default defense is completely dispositive of Grounds Two through Eight, this Report offers no analysis of Respondent's other arguments about these Grounds or Kessler's responses in his Reply.

**Ground One:  Failure to Record The Third Day of Trial**

Respondent concedes that the third day of the trial was not recorded (Return, ECF No. 13, PageID 979-80). A trial court has a duty under Ohio procedural law to record trials for the primary

purpose of facilitating appeals. However, that is not a duty imposed on state courts by the United States Constitution. Whether the failure to record here was operator error or equipment failure is unknown, but it is immaterial for habeas corpus purposes. The State tried to provide a transcript but was unable to do so, despite its willingness to provide Kessler with a copy if it had been able to do so.

Indeed, surprising as it may be to Petitioner, the States are not under any obligation to provide an appeal process at all. There is no federal constitutional right to appeal criminal verdicts for error review. *McKane v. Durston*, 153 U.S. 684 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005); *Halbert v. Michigan*, 545 U.S. 605 (2005); and *Jones v. Hendrix,* 599 U.S. 465 (2023). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995). Of course when it does provide a right to appeal, the State cannot discriminate against the poor by failing to provide the necessary transcript. *Griffin v. Illinois*, 351 U.S. 12 (1956). But here there was no discrimination against a poor appellant. Even the Court of Appeals which is the first "customer" for a transcript, did not get one.

When a transcript is not available, Ohio has a substitute process for completing the record for appeal, which was followed here. That process is constitutionally sufficient.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this

conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

May 6, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #