**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JAY KESSLER,** | : | |
| | : | **Case No. 2:25-cv-01403 & 2:25-cv-01404** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Michael R. Merz** |
| **WARDEN, Noble Correctional Institution** | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

This matter comes before this Court on Plaintiff Jay Kessler's Objections (ECF No. 22) to the Magistrate Judge's Report and Recommendation recommending dismissal of Plaintiff's Motion. (ECF No. 18). Plaintiff filed a *pro se* consolidated habeas corpus case under 28 U.S.C. § 2254 to obtain relief from his conviction in the Morrow County Court of Common Pleas on charges of gross sexual imposition and sexual battery. (ECF No. 1). For the reasons that follow, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18) and **OVERRULES** Plaintiff's Objections (ECF No. 22). Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED WITH PREJUDICE**.

## I. BACKGROUND

In October 2022, the Morrow County Grand Jury handed down a superseding indictment charging Plaintiff with two counts of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b); two counts of gross sexual imposition in violation of Ohio Revised Code § 2907.03(A)(5); and one count of attempted gross sexual imposition in violation of Ohio Revised Code § 2923.02 and 2907.05(A)(1). (ECF No. 12 at 5-8). Plaintiff was convicted by jury trial on one count each of

gross sexual imposition and sexual battery and the court sentenced him to forty-eight months in prison on each of Counts 3 and 4 to be served consecutively. (*Id.* at 19-24).

Plaintiff appealed to the Ohio Fifth District Court of Appeals which affirmed the conviction. *State v. Kessler*, 268 N.E.3d 73 (2025). The Ohio Supreme Court declined to exercise jurisdiction over Plaintiff's appeal. *State v. Kessler*, 178 Ohio St.3d 1517 (2025). Kessler filed his Petitions (ECF No. 1) in this Court in November 2025. The Magistrate Judge filed a Report and Recommendation (ECF No. 18) in May 2026. Plaintiff objected. (ECF No. 22). This matter is now ripe for review.

## II. STANDARD OF REVIEW

When reviewing a party's objections to a Report and Recommendation, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). In so doing, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instruction." *Id.*

## III. LAW AND ANALYSIS

In his objections, Plaintiff reiterates claims already addressed in the Magistrate Judge's Report and Recommendation without raising any new substantive or legally cognizable arguments.

The Supreme Court has held that a state prisoner seeking federal habeas corpus must exhaust state remedies by fairly presenting the substance of his federal claim to the state courts. *Picard v. Connor*, 404 U.S. 270 (1971). This obligation is not satisfied by waiting for the state court to decide if it wants to expand the claims presented.

Plaintiff cites numerous cases spelling out the ways that the Due Process Clause of the Fourteenth Amendment applies to his situation. None of these cases, however, speaks to the

constitutional obligation to provide a transcript of a trial when doing so has become physically impossible. When a state court decides on the merits a federal constitutional claim that is later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Davenport*, 596 U.S. 118, 135 (2022). The Supreme Court precedent most closely on point provides that when a transcript is necessary for appeal, the State must provide one, free of charge, to the indigent appellant criminal defendant. *Griffin v. Illinois*, 351 U.S. 12 (1956). Thirty years later, the Supreme Court held that "due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995). Plaintiff has not cited any clearly established Supreme Court law that holds a State must grant a new trial when the usually adequate process for preparing an appellate transcript breaks down.

This Court has reviewed *de novo* the Report and Recommendation as it relates to Plaintiff's objections and finds it to be correct in all respects. Consequently, Plaintiff's objections are overruled. *See Frazier v. Woods*, 2020 WL 9263004, at *3 (6th Cir. Nov. 10, 2020) (holding that "[b]ecause [plaintiff's] objections did not specifically address the magistrate judge's findings or conclusions, [he] has arguably waived further review of his … claims."). This Court will thus adopt the Report and Recommendation and enter it as the findings and conclusions of this Court.

## IV. CONCLUSION

For the reasons set forth above, this Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18) and **OVERRULES** Plaintiff's Objections (ECF No. 22). Plaintiff's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED WITH PREJUDICE**. Petitioner is denied a certificate of appealability as no reasonable juror would disagree with this

conclusion and this Court certifies to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*. This resolves all issues in this case. This case is hereby **DISMISSED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: November 2, 2026**